## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL AMFOSAKYI,** | : | **Civil No. 1:11-CV-651** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **FRITO LAY.** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.    Statement of Facts and of the Case

This is an employment discrimination action brought by Samuel Amfosakyi against Frito Lay. (Doc. 1)  In his complaint, Amfosakyi, a black male and a United States citizen of Ghanaian heritage, alleges that the defendant discriminated against him on the basis of his race and national origin when Frito Lay discharged him in 2009, acts which Amfosakyi alleges were taken in violation of Title VII of the Civil rights Act of 1964, 42 U.S.C. §2000e-5, and the Pennsylvania Human Relations Act, 43 Pa.C.S. §951. (Id.)

According to Amfosakyi's complaint, from February 2005 through July 2009, Amfosakyi was employed as a packer and cooker operator by Frito Lay, when Amfosakyi was discharged for alleged dishonesty. (Id.)  Amfosakyi asserts that  one fellow worker who was a white male committed similar workplace infractions but was

not discharged by Frito Lay.  On the basis of this assertion of disparate treatment Amfosakyi brings this employment discrimination action.

The parties are currently engaged in pretrial discovery.  As part of this discovery process Amfosakyi has now filed a motion for sanctions, (Doc. 23), and brief, (Doc. 24), which alleges that Frito Lay has wrongfully withheld discovery from him.  As detailed in Amfosakyi's pleadings, the discovery he seeks relates to a former co-worker, George Rye.  Amfosakyi alleges that Rye is caucasian and Amfosakyi's pleadings suggest that in 2006 Rye falsely claimed that Amfosakyi ran over Rye's foot while operating a piece of equipment at the Frito Lay plant.  Amfosakyi asserts that Rye's misconduct in making this allegedly false claim in 2006 did not lead to his termination, and cites this episode as proof of his claim disparate treatment of workers by the defendant based upon race and national origin.

In order to support this claim, Amfosakyi has sought Rye's 2006 job attendance records from Frito Lay.  Amfosakyi apparently seeks these attendance records because he believes that they will show that Rye was not at work on the day in 2006 when he alleged that Amfosakyi injured his foot, thus bolstering Amfosakyi's assertion that Rye made false claims regarding this episode.  Frito Lay has responded to this request in a threefold fashion:  First, Frito Lay has informed Amfosakyi and the Court that these 2006 attendance records do not exist for Rye.  Second, Frito Lay has explained

that its 2009 discipline of Amfosakyi was completely unrelated to this 2006 incident in which Amfosakyi was alleged to have run over Rye's foot.  Indeed, Frito lay stipulates that the 2006 episode led to no discipline against any Frito Lay worker and played no part in the company's decision to discipline Amfosakyi three years later. Finally, Frito Lay has noted that Rye was, in fact, later discharged by the company for an unrelated violation of the company's rules of conduct.

Dissatisfied with this threefold response, Amfosakyi has filed the instant motion for sanctions. (Doc. 23)  This motion has been fully briefed by the parties, and is now ripe for resolution.  Having reviewed these pleadings, for the reasons set forth below, Amfosakyi's motion for sanctions will be denied.

## II.   Discussion

Several basic guiding principles inform our resolution of the instant discovery dispute.  At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions for sanctions, and provides that:

> **(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
>
> **(1) *Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> **(A)** may order payment of the reasonable expenses, including attorney's

fees, caused by the failure;

(**B**) may inform the jury of the party's failure; and

(**C**) may impose other appropriate sanctions . . . .

Fed. R. Civ. P., Rule 37(c).

The scope of what type of discovery may be compelled under Rule 37, and give rise to sanctions, is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment.  Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." <u>DiGregorio v. First Rediscount Corp.</u>, 506 F.2d 781, 788 (3d Cir. 1974).  Similarly, issues relating to the

scope of discovery permitted under Rule 26 also rest in the sound discretion of the

Court.  <u>Wisniewski v. Johns-Manville Corp.</u>, 812 F.2d 81, 90 (3d Cir. 1987).  Thus,

a court's decisions regarding the conduct of discovery, and whether to compel

disclosure of certain information, will be disturbed only upon a showing of an abuse

of discretion.  <u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983).  This

far-reaching discretion extends to rulings by United States Magistrate Judges on

discovery matters.  In this regard:

> District courts provide magistrate judges with particularly broad
> discretion in resolving discovery disputes. <u>See</u> <u>Farmers & Merchs. Nat'l</u>
> <u>Bank v. San Clemente Fin. Group Sec., Inc.</u>, 174 F.R.D. 572, 585
> (D.N.J.1997).  When a magistrate judge's decision involves a
> discretionary [discovery] matter . . . , "courts in this district have
> determined that the clearly erroneous standard implicitly becomes an
> abuse of discretion standard." <u>Saldi v. Paul Revere Life Ins. Co.</u>, 224
> F.R.D. 169, 174 (E.D.Pa.2004) (citing <u>Scott Paper Co. v. United States</u>,
> 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate
> judge's discovery ruling "is entitled to great deference and is reversible
> only for abuse of discretion." <u>Kresefky v. Panasonic Commc'ns and Sys.</u>
> <u>Co.</u>, 169 F.R.D. 54, 64 (D.N.J.1996); <u>see also</u> <u>Hasbrouck v.</u>
> <u>BankAmerica Hous. Servs.</u>, 190 F.R.D. 42, 44-45 (N.D.N.Y.1999)
> (holding that discovery rulings are reviewed under abuse of discretion
> standard rather than de novo standard); <u>EEOC v. Mr. Gold, Inc.</u>, 223
> F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's
> resolution of discovery disputes deserves substantial deference and
> should be reversed only if there is an abuse of discretion).

<u>Halsey v. Pfeiffer</u>, No. 09-1138,  2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles.  Thus, at the

outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense."  Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues.  Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information"  a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

A party moving under Rule 37 to compel discovery, or for sanctions,  bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001).  Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."  In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D.Kan. 2009).

One other immutable rule defines the court's discretion when ruling on motions for this type.  It is clear that the court cannot compel the production of things that do

6

not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. Therefore, absent proof of deliberate spoliation of evidence, the court cannot sanction the failure to produce that which no longer exists. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D.Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D.Pa. April 9, 2009).

With these legal guideposts in mind, we turn to consideration of Amfosakyi's sanctions motion.

**B.     Resolution of Amfosakyi's Sanctions Motion**

**1.     Amfosakyi May Not Sanction Frito Lay for failing to Produce Materials That Do Not Exist**

At the outset, Amfosakyi's sanctions motion rests upon an untenable premise: Amfosakyi invites the Court to sanction Frito Lay for failing to produce documents even though Frito lay has represented that the documents sought by the plaintiff no longer exist.

This we cannot do. As we have noted, this Court cannot compel the production of things that do not exist. Nor can the Court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-

<u>McNeil-Janssen Pharmaceuticals, Inc</u>., No. 08-5904, 2010 WL 5186088 (E.D.Pa. Dec. 21, 2010); <u>Knauss v. Shannon</u>, No. 08-1698, 2009 WL 975251 (M.D.Pa. April 9, 2009). Therefore, the defendants' assertion that they no longer possess any responsive records that meet the description of the records sought by Amfosakyi compels us to deny these specific requests to sanction Frito Lay for failing to produce these records. While we deny this particular request, we note that the parties have an on-going responsibility to supplement their discovery disclosures. Rule 26 of the Federal Rules of Civil Procedure imposes this obligation on all parties and provides that:

**(e) Supplementing Disclosures and Responses.**

**(1) *In General.*** A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

**(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

**(B)** as ordered by the court

Fed. R. Civ. P. 26(e). Thus, while we deny this motion at this time in light of the defendants' response, all parties are directed to continue to comply with the provisions of Rule 26(e) and make prompt disclosure of any additional relevant, responsive materials which they may encounter in the course of this litigation.

**2.      In Any Event Amfosakyi Has Not Shown that He is Entitled to Disclosure of Personnel File Information**

In any event, Amfosakyi's sanctions motion fails for yet another reason; Amfosakyi has not shown that he would be entitled to this particular personnel file information from the files of a co-worker relating to job attendance by that co-worker in 2006.  As detailed in Amfosakyi's pleadings, the discovery he seeks relates to a former co-worker, George Rye.  Amfosakyi suggests that in 2006 Rye falsely claimed that Amfosakyi ran over Rye's foot while operating a piece of equipment at the Frito Lay plant. Amfosakyi asserts that Rye's misconduct in making this allegedly false claim in 2006 did not lead to his termination;  cites this episode as proof of disparate treatment of workers by the defendant; and apparently seeks Rye's attendance records to show that Rye was not working on the day, five years ago, when he alleged that Amfosakyi injured his foot.

The difficulty with this proffer of relevance by the plaintiff is that Frito Lay has explained that its 2009 discipline of Amfosakyi was completely unrelated to this 2006 incident in which Amfosakyi was alleged to have run over Rye's foot, and Frito Lay has also stated that the 2006 episode led to no discipline against any Frito Lay worker and played no part in the company's decision to discipline Amfosakyi three years later.  Moreover, Frito Lay reports that Rye was, in fact, later discharged by the company for an unrelated violation of the company's rules of conduct, facts which

9

actually make the company's treatment of Rye similar to the treatment accorded to Amfosakyi .

To the extent that Amfosakyi claims that he is entitled to discovery of these personnel files based upon his assertions relating to this one remote episode in 2006, we disagree.  Corporate employees do not forfeit their personal privacy in personnel records when their company is sued.  Quite the contrary, courts have long recognized that:

> Although personnel files are discoverable, they contain confidential information and discovery of them should be limited. See, e.g., Reagan-Touhy v. Walgreen Co., 526 F.3d 641, 648 (10th Cir.2008) ("Personnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly.... This is not to say personnel files are categorically out-of-bounds."); Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D.Pa.1994) ("[P]ersonnel files are confidential and discovery should be limited."). The Court must weigh the right to relevant discovery against the privacy interest of non-parties. The Court finds that Plaintiff is not entitled to the entire personnel records of all the individuals without a more particularized showing of relevance

Harris v. Harley-Davidson Motor Co. Operations, Inc, No. 09-1449, 2010 WL 4683776, *5 (M.D.Pa Nov. 10, 2010). Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D. Pa. 1994)("personnel files are confidential and discovery should be limited.").

Here, given the confidentiality which attaches to third party personnel records, Amfosakyi's proffer is simply insufficient to compel disclosure of Rye's personnel

attendance records from 2006, when the employment actions taken by Frito Lay with respect to Amfosakyi and Rye are entirely unrelated to any workplace events in 2006. Moreover, to the extent that no such records exist, the defendants have certified the non-existence of these records, a reply which constitutes a complete response to this particular inquiry. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D.Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D.Pa. April 9, 2009).

**3.**        **The Court Will Treat Amfosakyi's Motion As a Request for Spoliation Sanctions and Will Deny That Request Without Prejudice**

Finally, while the precise tenor of this motion is not entirely clear, we will also regard Amfosakyi's motion as a request for spoliation sanctions, and will deny that motion without prejudice since Amfosakyi's pleadings do not carry his burden of proof on the question of whether any culpable spoliation has occurred here.

Evidentiary rulings, including rulings regarding whether a spoliation inference is appropriate, rest in the sound discretion of the court. Ward v. Lamanna, 334 F.App'x 487, 492 (3d Cir. 2009).  That discretion is guided, however, by settled legal tenets, tenets which define both the fundamental nature of spoliation and the appropriate sanctions for acts of spoliation.   "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. Mosaid Techs., Inc. v. Samsung Elecs. Co., Ltd., 348 F.Supp.2d 332, 335 (D.N.J.2004)." Fortune v. Bitner. No. 01-111, 2006 WL 839346, *1 (M.D.Pa. March 29, 2006); see Ogin v. Ahmed, 563 F.Supp.2d. 539, 542 (M.D. Pa. 2008).  In assessing a spoliation claim:

> [R]elevant authority requires that four (4) factors be satisfied for the rule permitting an adverse inference instruction to apply: 1) the evidence in question must be within the party's control; 2) it must appear that there has been actual suppression or withholding of the evidence; 3) the evidence destroyed or withheld was relevant to claims or defenses; and 4) it was reasonably foreseeable that the evidence would later be discoverable. Mosaid, 348 F.Supp.2d at 336  citing Brewer, 72 F.3d at 334; Scott v. IBM Corp., 196 F.R.D. 233, 248-50 (D.N.J.2000); Veloso v. Western Bedding Supply Co., 281 F.Supp.2d 743, 746 (D.N.J.2003). Additionally, the United States District Court for the District of New Jersey recognized: "While a litigant is under no duty to keep or retain every document in its possession, even in advance of litigation, it is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." Mosaid, 348 F.Supp.2d at 336  (quoting Scott, 196 F.R.D. at 249).

Ogin, 563 F.Supp.2d at 543.

Thus, "[a] party which reasonably anticipates litigation has an affirmative duty to preserve relevant evidence. <u>Baliotis v. McNeil</u>, 870 F.Supp. 1285, 1290 (M.D.Pa.1994).   Where evidence is destroyed, sanctions may be appropriate, including the outright dismissal of claims, the exclusion of countervailing evidence, or a jury instruction on the 'spoliation inference.'  This inference permits the jury to assume that 'the destroyed evidence would have been unfavorable to the position of the offending party.' <u>Schmid v. Milwaukee Elec. Tool Corp.</u>, 13 F.3d 76, 78 (3d Cir.1994)." <u>Howell v. Maytag</u>, 168 F.R.D. 502, 505 (M.D.Pa. 1996)

If the court finds that there is a culpable destruction or spoliation of evidence, the question then becomes determining the appropriate sanction for this act of spoliation.  In this respect:

> The United States Court of Appeals for the Third Circuit has applied three (3) key considerations to determine whether a sanction for spoliation of evidence is appropriate. <u>Schmid</u>, 13 F.3d at 79. The considerations are: 1) the degree of fault of the party who altered or destroyed the evidence; 2) the degree of prejudice suffered by the opposing party; and 3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future. <u>Id</u>. When appropriate, a court may impose any potential sanction including: 1) dismissal of a claim or granting judgment in favor of a prejudiced party; 2) suppression of evidence; 3) an adverse inference, referred to as the spoliation inference; 4) fines; and 5) attorneys' fees and costs. <u>Mosaid</u>, 348 F.Supp.2d at 335.

<u>Ogin</u>, 563 F.Supp.2d at 545.

13

In this case, we find that Amfosakyi has not carried his threshold burden of showing any culpable spoliation of evidence at this time.  Instead, Frito Lay simply asserts that the requested documents do not exist and were not retained.  Since Amfosakyi has not carried his threshold burden of demonstrating some culpable spoliation of evidence, we will deny this motion at this time, but we deny this motion without prejudice to Amfosakyi renewing a spoliation motion if he possesses further competent proof of culpable, deliberate spoliation of evidence.

## III.   Conclusion

For the foregoing reasons, Amfosakyi's motion for sanctions is DENIED.

So ordered this 17th day of November, 2011.

_**S/Martin C. Carlson**_
Martin C. Carlson
United States Magistrate Judge