**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SAMUEL AMFOSAKYI,** | : | **Civil No. 1:11-CV-651** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **FRITO LAY,** | : | |
| | : | |
| **Defendant.** | : | |

**MEMORANDUM OPINION AND ORDER**

**I.      Statement of Facts and of the Case**

This is an employment discrimination action brought by Samuel Amfosakyi against Frito Lay. (Doc. 1)  In his complaint, Amfosakyi, a black male and a United States citizen of Ghanaian heritage, alleges that the defendant discriminated against him on the basis of his race and national origin when Frito Lay discharged him in 2009, acts which Amfosakyi alleges were taken in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5, and the Pennsylvania Human Relations Act, 43 Pa.C.S. § 951. (Id.)

According to Amfosakyi's complaint, from February 2005 through July 2009, Amfosakyi was employed as a packer and cooker operator by Frito Lay, when Amfosakyi was discharged for alleged dishonesty. (Id.)  Amfosakyi asserts that  one fellow worker who was a white male committed similar workplace infractions but was

not discharged by Frito Lay.  On the basis of this assertion of disparate treatment Amfosakyi brings this employment discrimination action.

The parties are currently engaged in pretrial discovery.  As part of this discovery process Amfosakyi filed a motion for sanctions, (Doc. 23), and brief, (Doc. 24), which alleged that Frito Lay has wrongfully withheld discovery from him.  The discovery Amfosakyi sought related to a former co-worker, George Rye.  Amfosakyi alleged that Rye is caucasian and suggested that in 2006 Rye falsely claimed that Amfosakyi ran over Rye's foot while operating a piece of equipment at the Frito Lay plant.  Amfosakyi asserted that Rye's misconduct in making this allegedly false claim in 2006 did not lead to his termination, and cited this episode as proof of his claim disparate treatment of workers by the defendant based upon race and national origin. In order to support this claim, Amfosakyi sought Rye's 2006 job attendance records from Frito Lay, on the grounds that he believed that they would show that Rye was not at work on the day in 2006 when he alleged that Amfosakyi injured his foot, thus bolstering Amfosakyi's assertion that Rye made false claims regarding this episode.

Frito Lay responded to this request in a threefold fashion: (1) informing Amfosakyi and the Court that these 2006 attendance records do not exist for Rye; (2) explaining that its 2009 discipline of Amfosakyi was completely unrelated to this 2006 incident in which Amfosakyi was alleged to have run over Rye's foot, and

stipulating that the 2006 episode led to no discipline against any Frito Lay worker and played no part in the company's decision to discipline Amfosakyi three years later; and (3) noting that Rye was, in fact, later discharged by the company for an unrelated violation of the company's rules of conduct.  Dissatisfied with this threefold response, Amfosakyi filed a motion for sanctions,   (Doc. 23), which we denied in a memorandum opinion filed on November 17, 2011. (Doc. 37)

On December 5, 2011, the Court held a previously scheduled hearing on another matter in this case, the defendant's motion for sanctions arising out of Amfosakyi's alleged creation of a falsely back-dated letter which he produced in discovery.  At this hearing, Amfosakyi tendered to the Court a *pro se* motion which we have construed as a motion to reconsider our prior denial of his motion for sanctions. (Doc. 41)  At the time of the hearing, we accepted this document, advised Mr. Amfosakyi that we would treat it as a motion to reconsider, and advised him of the exacting legal standards that apply to motions to reconsider.

Having carefully reviewed Amfosakyi's pleading, (Doc. 41), we find that reconsideration of our prior discovery ruling on his motion for sanctions is not warranted.  Therefore, for the reasons set forth below, we will deny this motion to reconsider.

## II.     Discussion

### A.     Motions to Reconsider–The Legal Standard

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either : "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).
>
> Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. <u>Dodge</u>, 796 F.Supp. at 830.  Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." <u>Continental Casualty Co. v. Diversified Indus., Inc</u>., 884 F.Supp. 937, 943 (E.D. Pa. 1995).  Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. <u>Dodge</u>, 796 F.Supp. at 830.  Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. <u>See</u> <u>Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983).

These legal restrictions on motions to re-consider apply with particular force to motions addressing orders in discovery matters, since discovery orders are governed by  Rule 26(b)(1) of the Federal Rules of Civil Procedure, and the scope of discovery permitted under the Rules rests in the sound discretion of the court. <u>Wisniewski v. Johns-Manville Corp.</u>, 812 F.2d 81, 90 (3d Cir. 1987).  Similarly, rulings regarding the extent to which discovery may be compelled are matters consigned to the court's discretion and judgment, and it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the

district court." <u>DiGregorio v. First Rediscount Corp.</u>, 506 F.2d 781, 788 (3d Cir.

1974).  Thus, a court's decisions regarding the conduct of discovery will be disturbed

only upon a showing of an abuse of discretion.  <u>Marroquin-Manriquez v. I.N.S.</u>, 699

F.2d 129, 134 (3d Cir. 1983)

Several basic guiding principles informed our initial resolution of this discovery

dispute.  At the outset, Rule 37 of the Federal Rules of Civil Procedure governs

motions for sanctions, and provides that:

> **(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
>
> **(1)** ***Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> **(B)** may inform the jury of the party's failure; and
>
> **(C)** may impose other appropriate sanctions . . . .

Fed. R. Civ. P. 37(c).

The scope of what type of discovery may be compelled under Rule 37, and give

rise to sanctions, is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil

Procedure, which provides as follows:

6

(1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.   Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment.  This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters.  In this regard:

District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's

7

resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

A party moving under Rule 37 to compel discovery, or for sanctions, bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery: (1) does not come within the broad scope of relevance as defined under Fed. R. Civ .P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would

outweigh the ordinary presumption in favor of broad disclosure." <u>In re Urethane</u>

<u>Antitrust Litigation</u>, 261 F.R.D. 570, 573 (D.Kan. 2009).

One other immutable rule defines the court's discretion when ruling on

discovery matters.  It is clear that the court cannot compel the production of things

that do not exist.  Nor can the court compel the creation of evidence by parties who

attest that they do not possess the materials sought by an adversary in litigation.

Therefore, absent proof of deliberate spoliation of evidence, the court cannot sanction

the failure to produce that which no longer exists. <u>See, e.g.</u>, <u>AFSCME District Council</u>

<u>47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc</u>., No. 08-

5904, 2010 WL 5186088 (E.D.Pa. Dec. 21, 2010); <u>Knauss v. Shannon</u>, No. 08-1698,

2009 WL 975251 (M.D.Pa. April 9, 2009).

### B. <u>Amfosakyi's Motion to Reconsider Will Be Denied</u>

With these legal guideposts in mind, we turn to consideration of Amfosakyi's

motion to reconsider the denial of his prior sanctions motion.  In this case, we find that

Amfosakyi has not satisfied the showing required for a motion to reconsider this

decision by demonstrating: "(1) [an] intervening change in controlling law, (2)

availability of new evidence not previously available, or (3) need to correct a clear

error of law or prevent manifest injustice".  <u>Dodge v. Susquehanna Univ.</u>, 796 F.Supp.

829, 830 (M.D. Pa. 1992 ). Therefore, recognizing that "Federal courts have a strong

interest in the finality of judgments, [and] motions for reconsideration should be granted sparingly," Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995), we will deny this motion which does not meet the standards set by law for such motions.

At the outset, we continue to believe that Amfosakyi's sanctions motion rests upon an untenable premise, since it invites the Court to sanction Frito Lay for failing to produce documents even though Frito Lay has represented that the documents sought by the plaintiff no longer exist.  As we have previously noted, this Court cannot compel the production of things that do not exist.  Nor can the Court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D.Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D.Pa. April 9, 2009).  Therefore, the defendants' assertion that they no longer possess any responsive records that meet the description of the records sought by Amfosakyi compels us to continue to deny these specific requests to sanction Frito Lay for failing to produce these records, while noting that the parties have an on-going responsibility to supplement their discovery disclosures.  Fed. R. Civ. P. 26(e).

We also continue to find that Amfosakyi's sanctions motion fails for yet another reason: Amfosakyi has not shown that he would be entitled to this particular personnel file information from the files of a co-worker relating to job attendance by that co-worker in 2006. The discovery Amfosakyi seeks relates to a former co-worker, George Rye, who the plaintiff suggests falsely claimed in 2006 that Amfosakyi ran over his foot while operating a piece of equipment at the Frito Lay plant. As we have previously explained, the difficulty with this proffer of relevance by the plaintiff is that Frito Lay has stated that its 2009 discipline of Amfosakyi was completely unrelated to this 2006 incident in which Amfosakyi was alleged to have run over Rye's foot. Moreover, Frito Lay reports that Rye was, in fact, later discharged by the company for an unrelated violation of the company's rules of conduct, facts which actually make the company's treatment of Rye similar to the treatment accorded to Amfosakyi.

To the extent that Amfosakyi still claims that he is entitled to discovery of these personnel files based upon his assertions relating to this one remote episode in 2006, we continue to disagree. Corporate employees do not forfeit their personal privacy in personnel records when their company is sued. Harris v. Harley-Davidson Motor Co. Operations, Inc, No. 09-1449, 2010 WL 4683776, *5 (M.D.Pa Nov. 10, 2010). Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D. Pa. 1994)("personnel files are

confidential and discovery should be limited."). Here, given the confidentiality which attaches to third party personnel records, Amfosakyi's proffer simply remains insufficient to compel disclosure of Rye's personnel attendance records from 2006. In any event, the defendants have certified the non-existence of these records, a reply which constitutes a complete response to this particular inquiry. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D.Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D.Pa. April 9, 2009).

Finally, Amfosakyi's motion to reconsider does not in any way show that the Court erred in concluding that Amfosakyi did not carry his burden of proof on the question of whether any culpable spoliation has occurred here. Evidentiary rulings, including rulings regarding whether a spoliation inference is appropriate, rest in the sound discretion of the court. Ward v. Lamanna, 334 F.App'x 487, 492 (3d Cir. 2009). That discretion is guided, however, by settled legal tenets, tenets which define both the fundamental nature of spoliation and the appropriate sanctions for acts of spoliation. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. Mosaid Techs., Inc. v. Samsung Elecs. Co., Ltd., 348 F.Supp.2d 332, 335 (D.N.J.2004)." Fortune v. Bitner, No. 01-111, 2006 WL 839346, *1

(M.D.Pa. March 29, 2006); see Ogin v. Ahmed, 563 F.Supp.2d. 539, 542 (M.D. Pa. 2008).  In assessing a spoliation claim:

> [R]elevant authority requires that four (4) factors be satisfied for the rule permitting an adverse inference instruction to apply: 1) the evidence in question must be within the party's control; 2) it must appear that there has been actual suppression or withholding of the evidence; 3) the evidence destroyed or withheld was relevant to claims or defenses; and 4) it was reasonably foreseeable that the evidence would later be discoverable. Mosaid, 348 F.Supp.2d at 336  citing Brewer, 72 F.3d at 334; Scott v. IBM Corp., 196 F.R.D. 233, 248-50 (D.N.J.2000); Veloso v. Western Bedding Supply Co., 281 F.Supp.2d 743, 746 (D.N.J.2003). Additionally, the United States District Court for the District of New Jersey recognized: "While a litigant is under no duty to keep or retain every document in its possession, even in advance of litigation, it is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." Mosaid, 348 F.Supp.2d at 336  (quoting Scott, 196 F.R.D. at 249).

Ogin, 563 F.Supp.2d at 543.

In this case, we continue to find that Amfosakyi has not carried his threshold burden of showing any culpable spoliation of evidence at this time.  Since Amfosakyi has not carried his threshold burden of demonstrating some culpable spoliation of evidence, we will deny this motion.

In this case, finding no "(1) intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice," Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ), we conclude that this motion to reconsider must be denied.

13

### III.   <u>Conclusion</u>

For the foregoing reasons, Amfosakyi's motion to reconsider the plaintiff's

motion to compel (Doc. 41), is DENIED.

So ordered this 7th day of December 2011.

<u>***S/Martin C. Carlson***</u>
Martin C. Carlson
United States Magistrate Judge
