IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SAMUEL K. AMFOSAKYI,** : |   |
|     **Plaintiff** : |   |
| : | Civil Action No. 1:11-cv-00651 |
| **v.** : |   |
| : | (Chief Judge Kane) |
| **FRITO LAY,** : |   |
|     **Defendant** : |   |

**MEMORANDUM ORDER**

Presently pending before the Court are the Report and Recommendation of Magistrate Judge Martin C. Carlson (Doc. No. 47), addressing Defendant Frito Lay's motion for summary judgment (Doc. No. 30) and motion for sanctions (Doc. No. 27), as well as Plaintiff Samuel K. Amfosakyi's objections thereto (Doc. No. 48). For the reasons that follow, the Court will adopt the Report and Recommendation.[1]

This case concerns a civil action in which Plaintiff has alleged claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S. § 951, et seq. (Doc. No. 1.) Plaintiff, a U.S. citizen who was born in Ghana, was an employee of Defendant from February 2005 until July 8, 2009. (Doc. No. 32 ¶¶ 4-6, 10, 46; Doc. No. 45 ¶¶ 4-6, 10, 46.) During this period, Plaintiff was cited on several occasions for absenteeism and unacceptable lapses in attendance. (Doc. No. 32 ¶ 18; Doc. No. 45 ¶ 18.) At one time, these attendance issues caused Defendant to place Plaintiff on the final

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

step of employee progressive discipline.  (Doc. No. 32 ¶ 18; Doc. No. 45 ¶ 18.)

On July 4, 2009, Plaintiff was scheduled to work a twelve-hour shift, from 7:00 p.m. to 7:00 a.m.  (Doc. No. 32 ¶¶ 19-20; Doc. No. 45 ¶¶ 19-20.)  Plaintiff arrived at work at 7:00 p.m. but left approximately two hours later without first requesting or receiving permission to do so.  (Doc. No. 32 ¶¶ 21, 25-28; Doc. No. 45 ¶¶ 21, 25-28.)  He returned to work at approximately 1:30 a.m. and lied to his supervisors regarding his absence, stating orally and in writing that he had left work for only thirty to thirty-five minutes.  (Doc. No. 32 ¶¶ 32-38; Doc. No. 45 ¶¶ 32-38.)  Plaintiff reasserted that he had only left work for thirty-five minutes on the evening of July 4, 2009 during a July 7, 2009 meeting regarding his absence.  (Doc. No. 32 ¶¶ 43-44; Doc. No. 45 ¶¶ 43-44.)  After this meeting, Manufacturing Manager Michele L. Bass determined that Plaintiff had lied about leaving work for over four hours without permission and proceeded to terminate Plaintiff's employment on July 8, 2009.  (Doc. No. 32 ¶¶ 46-47; Doc. No. 45 ¶¶ 46-47.)  Plaintiff filed the complaint in the above-captioned action on April 8, 2011, alleging that Defendant unlawfully terminated his employment on the basis of his race and national origin.  (Doc. No. 1.)

The factual details and legal standards governing this case are comprehensively set forth in Judge Carlson's report and need not be reproduced here.  In his report, Judge Carlson recommends that the Court grant both Defendant's motion for summary judgment (Doc. No. 30) and motion for sanctions (Doc. No. 27).  Thus, Judge Carlson recommends that this action be dismissed on the merits and as a sanction for Plaintiff's litigation misconduct.  Plaintiff has not set forth specific objections to Judge Carlson's recommendation that summary judgment be granted in favor of Defendant but requests that the Court deem his brief in opposition to

Defendant's motion as his objections.[2] Plaintiff also raises a number of objections to Judge Carlson's recommendation regarding Defendant's motion for sanctions. Although the objections are without merit, the Court will write to briefly address them.

## II. MOTION FOR SUMMARY JUDGMENT

With respect to Defendant's motion for summary judgment, Judge Carlson found that even if Plaintiff were able to establish a prima facie case of discrimination on the basis of race or national origin under Title VII and the PHRA, his claims would still fail as a matter of law because he failed to set forth evidence demonstrating that Defendant's articulated reason for terminating his employment was a pretext for discrimination. (Doc. No. 47 at 34-35.) Title VII prohibits discrimination with respect to compensation, terms, conditions, or privileges of employment because of a claimant's race or national origin. 42 U.S.C. § 2000e-2(a)(1). Where there is no direct evidence of such discrimination, a court applies the McDonnell Douglas burden-shifting framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). As explained by the United States Court of Appeals for the Third Circuit:

> Briefly summarized, the McDonnell Douglas analysis proceeds in three stages. First, the plaintiff must establish a prima facie case of discrimination. If the plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Finally, should the defendant carry this burden, the plaintiff then must have

---

[2] The Court notes that Local Rule 7.8(a) states that "[n]o brief may incorporate by reference all or any portion of any other brief," and that Local Rule 72.3 provides that a party making objections to a magistrate judge's proposed findings, recommendations, or report must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." Although Plaintiff's objections to Judge Carlson's recommendation that summary judgment be granted in Defendant's favor do not comply with either of these rules, the Court, in the interest of justice, will make a de novo consideration of the objections.

>an opportunity to prove by a preponderance of the evidence that the
>legitimate reasons offered by the defendant were not its true reasons,
>but were a pretext for discrimination.

Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999) (internal citation omitted).

With respect to the third stage of this burden-shifting framework, the burden is on the plaintiff to identify "sufficient evidence from which a jury could conclude that the purported reasons for [the action] were in actuality a pretext for intentional race [or national origin] discrimination." Id. at 412. A plaintiff may show such pretext by either: (1) identifying evidence that would allow a reasonable factfinder to "believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action;" or (2) by casting sufficient doubt upon the legitimate reasons proffered by the defendant so that a reasonable factfinder could conclude that the reason was a post hoc fabrication or else did not actually motivate the employment action. Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994). It is not enough for a plaintiff to demonstrate that an employer's decision was "wrong or mistaken." Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 387 (3d Cir. 1999). Instead, in order to cast sufficient doubt on the proffered reason, a plaintiff must point out "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder <u>could</u> rationally find them unworthy of credence, and hence infer that the employer did not act for [the asserted] non-discriminatory reasons." Fuentes, 32 F.3d at 765 (internal citations and quotation marks omitted). In other words, a plaintiff must show that the reasons advanced by the employer were not merely wrong, but were "so plainly wrong that [they] cannot have been the employer's real reason[s]." Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1109 (3d Cir. 1997).

Plaintiff has failed to meet his burden under either method. First, he has not identified evidence sufficient to allow a reasonable factfinder to infer that the decision to terminate his employment was more likely than not motivated by his race or national origin. Plaintiff devotes the majority of his brief in opposition to arguments concerning a workplace incident involving Plaintiff and a coworker, George Rye, which occurred in 2006. The crux of Plaintiff's arguments appears to be that because Mr. Rye, a Caucasian employee, violated Defendant's code of conduct in 2006 but was not terminated, Defendant's decision to terminate Plaintiff for his violation of the code of conduct must have been motivated by unlawful discrimination. Plaintiff, however, points to no evidence that Defendant considered Plaintiff's race or national origin in any way when it terminated his employment on July 8, 2009.

Second, Plaintiff fails to cast sufficient doubt on Defendant's proffered reasons for his termination. Plaintiff's argument rests almost entirely on the fact that Defendant purportedly failed to terminate Mr. Rye, a Caucasian employee, for a workplace violation in 2006 but terminated Plaintiff, a black employee, for a workplace violation in 2009. Plaintiff, however, does not dispute any of the following facts regarding his own workplace violation: (1) Plaintiff left work, while on the clock, for over four hours without permission; (2) Plaintiff lied to his supervisors more than once regarding his absence; (3) Plaintiff signed a false statement regarding his absence; (4) Plaintiff's absence constituted a violation of Defendant's code of conduct; and (5) Defendant had a right to terminate Plaintiff's employment based on this violation. (Doc. No. 32 ¶¶ 26-27, 29, 32-33, 36-38, 43-45; Doc. No. 45 ¶¶ 26-27, 29, 32-33, 36-38, 43-45.) Absent some basis to disbelieve Defendant's proffered nondiscriminatory reason for terminating Plaintiff's employment, Plaintiff cannot sustain his burden to show pretext. Because

Plaintiff has failed to submit evidence that would allow the factfinder to infer either that discrimination was more likely than not a cause of his termination or that the reason proffered by Defendant was fabricated, the Court will adopt Judge Carlson's recommendation that summary judgment be granted in Defendant's favor on Plaintiff's racial and national-origin discrimination claims.

## II.     MOTION FOR SANCTIONS

Because the Court will adopt Judge Carlson's recommendation that summary judgment be granted in Defendant's favor, thereby dismissing this action on the merits, Defendant's motion for sanctions, seeking dismissal of the action because of Plaintiff's litigation misconduct, is effectively rendered moot. Nevertheless, the Court will write to briefly address Plaintiff's objections to this motion.

At the outset, the Court notes that Plaintiff has filed several objections concerning Judge Carlson's dismissal of Plaintiff's motion for sanctions. (Doc. No. 23.) For example, one of Plaintiff's objections appears to be that Judge Carlson, in making the recommendations currently before the Court, failed to consider arguments that Plaintiff raised in his motion for sanctions. Defendant's motion for sanctions, however, is the only motion for sanctions addressed by Judge Carlson in his report. Objections relating to Plaintiff's motion for sanctions are not proper, as the Court is limited to reviewing the proposed findings and recommendations included in Judge Carlson's report.

Next, a number of Plaintiff's objections relate to Judge Carlson's alleged bias in favor of Defendant. (See Doc. No. 48 at 4.) For example, Plaintiff contends that Judge Carlson has wrongfully displayed "unfair wrath and disdain" towards him, incorrectly adopted some of

Defendant's proposed facts as undisputed, and improperly "made" arguments in support of Defendant's positions.  (Id. at 1, 5.)  A de novo consideration of these objections leads the Court to find that they lack merit and to conclude that Judge Carlson's findings and recommendations are the result of sound legal analysis, not personal animus towards Plaintiff.

Finally, Plaintiff raises a number of objections to Judge Carlson's conclusions regarding Plaintiff's arguments concerning the discipline, or lack thereof, of Mr. Rye in 2006 and Defendant's claims that Plaintiff fabricated a letter during discovery.  In considering these objections, the Court has carefully reviewed Judge Carlson's report, Defendant's motion for sanctions, the parties' briefs, and the transcript of the December 5, 2011 hearing on Defendant's motion.  Having done so, the Court finds no error in Judge Carlson's ultimate recommendation that the sanction of dismissal be imposed in this case.  Although the Court is sympathetic to the challenges faced by pro se litigants like Plaintiff, Plaintiff has failed to submit evidence contradicting Defendant's evidence indicating that Plaintiff fabricated a letter during discovery and testified falsely regarding this fabrication.  Therefore, the Court will adopt Judge Carlson's recommendation that Defendant's motion for sanctions be granted.

**ACCORDINGLY**, on this 19th  day of March 2012, **IT IS HEREBY ORDERED THAT:**

1. Judge Carlson's Report and Recommendation (Doc. No. 47) is **ADOPTED**;

2. Defendant's motion for summary judgment (Doc. No. 30) and motion for sanctions (Doc. No. 27) are **GRANTED**; and

3. The Clerk of Court is directed to enter judgment in Defendant's favor and close the case.

> S/ Yvette Kane
> Yvette Kane, Chief Judge
> United States District Court
> Middle District of Pennsylvania